DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied pro se appellant Ernesto Pena's third petition for postconviction relief. From that judgment, appellant raises the following assignments of error:
"ASSIGNMENT OF ERROR NO. I:
 THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT IN VIOLATION OF THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION [SIC] THE OHIO REVISED CODE, CRIM. RULE 11, AND THE REVISED CODE SECTION 1953.21 [SIC] ET SEQ., WHEN IT NOT ONLY FOUND THAT THERE IS [SIC] NO GROUNDS FOR RELIEF AND DENIED A HEARING, BUT USED ERRONEOUS AND CONTRADICTORY MEANS TO DO SO.
"ASSIGNMENT OF ERROR NO. II:
 IN VIOLATION OF R.C. 1953.21(C) [SIC], APPELLANT WAS DENIED DUE PROCESS GUARANTEED IN THE UNITED STATES CONSTITUTION, WHEN THE TRIAL COURT FAILED TO REVIEW THE ENTIRE RECORD BEFORE MAKING ITS DETERMINATION AND DECISION TO DISMISS THE PETITION FOR POST CONVICTION RELIEF.
"ASSIGNMENT OF ERROR NO. III:
 TRIAL JUDGE KNEPPER CREATED CONFLICT TO THE PREJUDICE OF APPELLANT BY VIOLATING CRIMINAL RULE 11 AND ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION, WHEN HE IMPOSED 4 YEARS OF ACTUAL INCARCERATION AFTER JUDGE CHRISTENSEN [SIC] AT THE PLEA HEARING ASSURED AND INFORMED APPELLANT THAT HIS OFFENSE HE WAS PLEADING TO WAS PROBATIONABLE.
"ASSIGNMENT OF ERROR NO. IV:
 APPELLANT WAS DENIED THE GUARANTEES OF THE 14TH AMENDMENT IN THE UNITED STATES CONSTITUTION AND OHIO CRIMINAL RULE 11 OF DUE PROCESS, WHEN TRIAL COUNSEL COERCED AND INDUCED APPELLANT INTO ENTERING A NO CONTEST PLEA UPON THE ASSURANCE OF PROBATION AND WAS THEN HIGHLY PREJUDICED WHEN THE SENTENCING JUDGE SENTENCED APPELLANT TO A 4 YEAR TERM OF ACTUAL INCARCERATION RENDERING HIS NO CONTEST PLEA VOID."
On March 22, 1993, appellant was indicted and charged with one count of felonious assault in violation of R.C.2903.11(A)(1). The case was assigned to Judge Richard Knepper. On March 25, 1993, appellant was arraigned before Judge Robert Christiansen at which time appellant entered a plea of no contest. Prior to accepting the plea and entering a finding of guilty, Judge Christiansen explained to appellant his rights pursuant to Crim.R. 11. Included therein was the following colloquy.
 "THE COURT: You're pleading No Contest to an aggravated second degree felony. That carries a possibility of incarceration in a State penal institution for a period of not less than 3, 4, 5, 6, 7, or 8 years to a maximum of 15 years and/or a fine of up to $7,500.00. Do you understand that?
"THE DEFENDANT: Yes, sir.
 "THE COURT: This is a probationable offense, but that's going to be up to Judge Knepper whether or not to put you on probation. Even if he does put you on probation, he could still order that you spend some time in the local County jail, Work Release, or anything else he felt was necessary in your case. Do you understand that?
"THE DEFENDANT: Yes, sir."
Thereafter, on April 22, 1993, appellant appeared before Judge Richard Knepper for sentencing. After reviewing a presentence investigation report as well as a report from the Court Diagnostic and Treatment Center, Judge Knepper ordered that appellant be committed to the Ohio Department of Rehabilitations and Corrections for a period of not less than four years actual incarceration nor more than fifteen years. Appellant then appealed that conviction and sentence to this court raising as assignments of error ineffective assistance of counsel for his counsel's failure to request treatment for an alcohol problem in lieu of conviction and the trial court's failure to comply with R.C. 2951.03(B)(5)(a) and (b). In an opinion and judgment entry dated March 4, 1994, we affirmed appellant's conviction and sentence, overruling both assignments of error. While that appeal was pending, appellant filed in the trial court a motion to suspend the balance of his sentence. On November 15, 1993, the trial court denied that motion.
On June 24, 1994, appellant filed in the trial court his first motion to withdraw his no contest plea and/or for postconviction relief. In that motion, appellant asserted as claims for relief: that he was denied his rights to an impartial and disinterested tribunal; that the trial court failed to comply with Crim.R. 11; that his trial counsel was ineffective in failing to fully investigate the case; and that the trial court abused its discretion in sentencing him to four years actual incarceration. The record before us does not contain the order ruling on this motion but it is uncontroverted that the motion was denied.
On March 14, 1996, appellant filed his second petition for postconviction relief. In that petition, appellant asserted that through malicious prosecution, judicial bias, and coercion on the part of his trial counsel, he had been denied a fair and adequate trial by jury. Again, the order ruling on this motion is not in the record before us but it is undisputed that the trial court denied the petition.
On July 21, 1999, appellant filed his third and present petition for postconviction relief. In that petition, appellant asserted: that his plea was not knowing and voluntary because his trial counsel coerced him into the plea with assurances that he would get probation; that the plea violated Crim.R. 11(C) because the court did not tell him that he would be given a term of actual incarceration; and that he was prejudiced by the fact that different judges presided over the plea and sentencing hearings. Appellant therefore alleged that based on these substantial constitutional violations, his conviction should be set aside. The state responded with a motion to dismiss and/or for summary judgment which argued that the court could not entertain the successive petition because appellant had not met his burden under R.C. 2953.23(A). In the alternative, the state argued that appellant's claims were barred by the doctrine of res judicata and that appellant's plea was entered knowingly, intelligently and voluntarily.
On June 9, 1999, the trial court filed its findings of fact, conclusions of law and judgment entry dismissing appellant's petition. In particular, the court determined that it could not entertain the successive petition because appellant had not met the requirements of R.C. 2953.23(A). The court further found that appellant's claims were barred by the doctrine of res judicata. It is from that judgment that appellant now appeals.
Given our disposition of this case, we need not address the merits of appellant's assignments of error.
A criminal defendant who was sentenced before September 21, 1995 must file a petition for postconviction relief within the time stated in R.C. 2953.21(A)(2) or within one year from September 21, 1995, whichever is later. State v. Elson (Apr. 30, 1999), Lucas App. No. L-98-1156, unreported. Nevertheless, a trial court may entertain an untimely or successive petition for postconviction relief in some cases. R.C.2953.23(A) sets forth the requirements of an untimely or successive postconviction relief petition and reads:
 "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in petitioner's situation, and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
Appellant's petition demonstrates neither (1) that he was unavoidably prevented from discovering the facts upon which his petition relies, or (2) that the United States Supreme Court has recognized a new federal or state right that applies to appellant. One of these criteria must be established in the petition for the trial court to have the authority to entertain such petition.State v. Brown (Jan. 14, 2000), Lucas App. No. L-99-1251, unreported.
Because appellant's petition did not meet the requirements of R.C. 2953.23(A), the trial court did not err in dismissing the petition for postconviction relief and appellant's assignments of error are not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Mark L. Pietrykowski, J.
 Peter M. Handwork, J. and James R. Sherck, J.
CONCUR.